IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

CLAUDIA ANN CARTER GOFF,

        Plaintiff,

v.                                CIVIL ACTION NO.   2:23-cv-00115

UNITED STATES POSTAL MAILHANDLERS,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is plaintiff Claudia Ann Carter Goff's ("Plaintiff") complaint, (ECF No. 2), and her application to proceed *in forma pauperis*. (ECF No. 1.) By Standing Order, this action was referred to United States Magistrate Judge Dwane L. Tinsley for submission of proposed findings and a recommendation ("PF&R"). (ECF No. 3.) Magistrate Judge Tinsley filed his PF&R on March 20, 2025, (ECF No. 6), recommending that the Court dismiss this civil action without prejudice for lack of subject-matter jurisdiction or, in the alternative, for failure to prosecute or otherwise comply with court orders. (ECF No. 6 at 7 (citing Fed. R. Civ. P. 12(h)(3), 41(b)).) Accordingly, Magistrate Judge Tinsley recommends denying Plaintiff's application to proceed *in form pauperis* as moot. (*Id.*)

The Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Failure to file timely objections constitutes a waiver of de novo review and the Petitioner's right to appeal this

Court's Order.  28 U.S.C. § 636(b)(1); *see also Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984).  In addition, this Court need not conduct a de novo review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson,* 687 F.2d 44, 47 (4th Cir. 1982).  Objections to the PF&R were due on April 7, 2025.  To date, no objections have been filed.

Accordingly, the Court **ADOPTS** the PF&R (ECF No. 6), **DISMISSES WITHOUT PREJUDICE** the complaint for lack of subject-matter jurisdiction, (ECF No. 2), **DENIES AS MOOT** the application to proceed *in forma pauperis*, (ECF No. 1), and **DISMISSES** this action from the Court's docket.[1]

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:   April 18, 2025

THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE

---

[1] Consistent with Federal Rule of Civil Procedure 41(b), because the Court dismisses this case for lack of subject matter jurisdiction, it shall not operate as an adjudication on the merits.  *See* Fed. R. Civ. P. 41(b); *see also Link v. Wabash R. Co.*, 370 U.S. 626, 630–31 (1962) (construing Rule 41(b) as permitting the district court to dismiss a case *sua sponte* for failure to prosecute).